JENNIE P. SARGOOD *v.* EUGENE E. SARGOOD.

May Term, 1905.

Present:   ROWELL, C. J., TYLER, MUNSON, START, WATSON, and HASELTON, JJ.

Opinion filed July 22, 1905.

*Divorce—Grounds—Petitionee Serving Sentence in State's Prison—V. S. 2674, 5274.*

Under that subdivision of V. S. 2674, which provides that a divorce may be decreed when either party is sentenced to confinement in the State's prison for three years or more, etc., the term of the sentence fixed by the court controls, regardless of the fact that, under V. S. 5274, such prisoner is entitled to a deduction from the term of his sentence of five days for each month of good behavior.

PETITION FOR DIVORCE.  Heard at the December Term, 1904, Bennington County, *Powers,* J., presiding.   Divorce granted.   The petitionee excepted.   The opinion states the case.   See *State* v. *Sargood and Doyle, ante,* 80.

*J. K. Batchelder* for the petitionee.

*J. J. Shakshober* for the petitioner.

The term of the sentence fixed by the court controls, regardless of V. S. 5274.   *Oliver* v. *Oliver,* 169 Mass. 592; *Cone* v. *Cone,* 58 N. H. 152.

START, J.   The petitionee had been sentenced to confinement at hard labor in the State's prison for a term not less than three and one-half years nor more than four and one-half years, and was confined in State's prison at the time this cause was heard in the court below, and for this cause the petitioner was divorced from the petitionee under V. S. 2674, which provides, in part, that when either party is sentenced to confinement at hard labor in the State's prison for life, or for three years or more and is actually confined at the time of the trial, a divorce from the bonds of matrimony may be decreed.

The petitionee was sentenced at the December term, 1903, of the Bennington County Court, and the petitioner preferred her petition at the December term, 1904, of the same court, and the petitionee insists that under V. S. 5274 he was entitled to have deducted from his sentence five days for every month when no charges for misconduct were sustained against him, and that at the time of granting the divorce he was not sentenced to confinement at hard labor in the State's prison for three or more years and that a divorce from the bonds of matrimony could not be decreed under V. S. 2674.

This contention is not sound.   The right of a party to a divorce from a party sentenced to confinement at hard labor in State's prison for three or more years is not, by V. S. 2674 or any other statute, made to depend upon the conduct of the party while confined in prison.   Under the statute in question,

the term of the sentence fixed by the court and actual confinement at the time of the trial controls the authority of the court in decreeing a divorce.

The petitionee having been sentenced to confinement at hard labor in the State's prison for a term exceeding three years and being in actual confinement at the time the cause was heard in the court below, a divorce from the bonds of matrimony was lawfully decreed.

*Judgment affirmed.*